UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYDGE TECHNOLOGIES LLC, and BRYDGE GLOBAL PTE LTD., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>KICKSTARTER, PBC, and OGADGET LLC, <br><br>　　　　　　Defendants. | 19 Civ. 5692 <br><br>**COMPLAINT** <br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Brydge Technologies LLC ("Brydge Technologies") and Brydge Global Pte Ltd. ("Brydge Global," and together with Brydge Technologies, "Plaintiffs"), for their Complaint for patent infringement under 35 U.S.C. § 271 against Defendants Kickstarter, PBC ("Kickstarter") and OGadget LLC ("OGadget," and together with Kickstarter, "Defendants"), allege as follows:

## INTRODUCTION

1.　This action is brought to remedy both Defendants' infringing of Brydge Global's patent by selling and offering for sale OGadget's product, which is a copy of Brydge Technologies' product.

2.　As of the filing of this Complaint, both Defendants have infringed and continue to infringe Brydge Global's patent. Plaintiffs respectfully seek remedies against Defendants, including injunctive and monetary relief, damages, lost profits, and other relief.

1

## THE PARTIES

3. Plaintiff Brydge Technologies LLC is a limited liability company duly organized and existing under the laws of Utah with its principal place of business at 1912 Sidewinder Dr. Ste 104 Park City, UT 84060.

4. Plaintiff Brydge Global Pte Ltd. is a Singapore corporation duly organized and existing under the laws of Singapore with its registered office at 200 Jalan Sultan, #03-11, Singapore 199018.

5. Defendant Kickstarter, PBC is, upon information and belief, a Delaware public benefit corporation having a principal place of business or regular and established place of business at 58 Kent St., Brooklyn, NY 11222.

6. Defendant OGadget LLC is, upon information and belief, is a limited liability company existing under the laws of California having a principal place of business or regular and established place of business at 340 S Lemon Ave., Walnut, CA 91789.

## JURISDICTION AND VENUE

7. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8. Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Kickstarter is incorporated in the State of Delaware, has a regular and established place of business in this District, has a principal place of business in this District, has committed acts of infringement in this District, entitling Plaintiffs to relief in this District.

## PLAINTIFFS' BACKGROUND

9. In 2012, the origins of Brydge Technologies ironically launched on Kickstarter, breaking records and instantly developing a cult following. Its philosophy was simple: the iPad was beautiful and the keyboard should be too. Originally designed out of pure aluminum, the Brydge keyboard created the perfect iPad / MacBook hybrid. Brydge Technologies, now based in Park City, Utah, has invested in its innovations. The patent application that eventually resulted

in the issuance of U.S. Patent No. 9,069,527 ("Patent-in-Suit" or "the '527 Patent") was filed on October 22, 2012. The Patent-in-Suit covers an apparatus for supporting a device including a keyboard, a frame, and a device receiving member connected to the frame. An apparatus of the invention includes improvements in support apparatus to securely connect a tablet-type computer to a keyboard, while still allowing multiple and/or infinitely adjustable viewing angles, displaying the aesthetics of the tablet, and providing keyboard functionality.

10. Tablet style hand-held computers skyrocketed in popularity with the advent of wireless media. Many of these devices lack a physical keyboard and rely on a virtual keyboard operated on a touch screen of the device, while devices that do have physical keyboards often have keyboards that are small and difficult to operate. In order to use the devices, the tablet must be held in the user's hand and uncomfortably operated like a cell phone, or used while resting on a surface at an undesirable angle, such as lying flat on a tabletop.

11. Bradley Train Leong and Edward Guillaume Helene Vromen, the inventors of the Patent-in-Suit, recognized that ever increasing popularity of touch screen hand-held electronic devices created demand for accessories for supporting the devices on horizontal surfaces used while sitting down at home, at work, in class, or during travel. Leong and Vromen recognized a need for improvements in support apparatus to securely connect a tablet-type computer to a keyboard, while still allowing multiple and/or infinitely adjustable viewing angles, displaying the aesthetics of the tablet, and providing keyboard functionality.

12. Leong and Vromen developed a solution: an apparatus for supporting a device including a keyboard, a frame, and a first device receiving member pivotally connected to the frame. In one aspect of the invention, the first device receiving member includes first and second clamp surfaces defining a generally "U"-shaped recess, the first clamp surface configured to receive a front portion of the device, and the second clamp surface configured to receive a back portion of the device opposite the front portion of the device. In another aspect of the invention, the rounded base portion of the first device receiving member protrudes beyond a bottom portion

of the frame when in the open position but does not protrude beyond the bottom portion of the frame when in the closed position.

13. On July 26, 2012, Leong and Vromen filed a provisional patent application and on October 22, 2012, filed their utility patent application, describing these and other ways for improvement in support apparatus to securely connect a tablet-type computer to a keyboard, while still allowing multiple and/or infinitely adjustable viewing angles, displaying the aesthetics of the tablet, and providing keyboard functionality. After initial examination, the United States Patent and Trademark Office ("USPTO") issued a first Office Action on June 20, 2014, and Leong and Vromen filed a response on August 19, 2014. After further examination, the USPTO issued a second Office Action on December 4, 2014, and Leong and Vromen filed another response on February 2, 2015. After the continued diligence of Leong and Vromen, the USPTO issued a Notice of Allowance on February 27, 2015. Finally, on June 30, 2015 the Patent-in-Suit issued.

14. Plaintiffs enforce their intellectual property rights against third parties, and Brydge Global's enforcement of the Patent-In Suit is ongoing.

**DEFENDANTS' BACKGROUND AND FACTUAL BACKGROUND**

15. On information and belief, OGadget's product, which is a copy of Brydge Technologies' product, is offered for sale on Kickstarter's website. For example, as of the filing of this Complaint, OGadget's product is offered for sale and/or sold on a Kickstarter.com page with the URL https://www.kickstarter.com/projects/libra-keyboard/libra-turns-your-ipad-pro-into-a-macbook? ("Kickstarter's Libra Project"), a copy of which is attached hereto as **Exhibit A**.

16. A cease and desist letter for infringement of the '527 Patent by OGadget was sent via U.S. mail and electronic mail to OGadget on September 20, 2019, and is attached hereto as **Exhibit B**. On information and belief, OGadget has ceased offering for sale OGadget's product on the OGadget website with the URL https://libra.ogadget.com/ after receipt of the cease and

desist letter but has taken no action in regards to the offer for sale of OGadget's product on Kickstarter's Libra Project.

17. A notice letter for infringement of the '527 Patent by Kickstarter was sent via U.S. mail and electronic mail to Kickstarter on September 20, 2019, and is attached hereto as **Exhibit C**. On information and belief, Kickstarter has taken no action in response to the notice letter to remove OGadget's product and as of the filing of this Complaint continues to sell and offer to sell OGadget's product on Kickstarter's Libra Project.

18. On information and belief, Kickstarter operates a website located at kickstarter.com. Kickstarter states on its website that it "supports projects from a variety of categories: Art, Comics, Crafts, Dance, Design, Fashion, Film & Video, Food, Games, Journalism, Music, Photography, Publishing, Technology, and Theater."

19. Kickstarter's Guidelines available at the URL https://www.kickstarter.com/rules/prohibited and attached hereto as **Exhibit D**, state that prohibited items include "[p]rojects that share things that already exist, or repackage a previously-created product, without adding anything new or aiming to iterate on the idea in any way". OGadget's product violates Kickstarter's own Guidelines because OGadget is repackaging a copy of Brydge Technologies' previously-created product.

20. On information and belief, the OGadget product for sale on Kickstarter's website is a copy of Brydge Technologies' product, as shown by a side-by-side comparison of the Brydge 12.9 Pro+ (Code Name Bilby 12.9 TP) ("Plaintiff's Product") and Defendant OGadget's Libra product ("Defendant OGadget's Libra Product"). A side-by-side comparison of the Plaintiff's Product and the Defendant OGadget's Libra Product is attached hereto as **Exhibit E** and shown below in paragraphs 21-29.

21. On information and belief, a front perspective view illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 2 and shown below.



22. On information and belief, a close-up view of a receiving member illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 3 and shown below.



23. On information and belief, a front perspective in-use view illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 4 and shown below.



24. On information and belief, a close-up front in-use perspective view illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 5 and shown below.



25. On information and belief, a keyboard view illustrates that Defendant OGadget's Libra Product is a copy of the Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 6 and shown below.



26. On information and belief, a side perspective view of a magnetic cover used with Defendant OGadget's Libra Product and the Plaintiff's Product illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 7 and shown below.



27. On information and belief, a top perspective view of the magnetic cover used with Defendant OGadget's Libra Product and the Plaintiff's Product illustrates that the that Defendant OGadget's Libra Product is a copy of the Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 8 and shown below.



28. On information and belief, a close-up clamp view illustrates that Defendant OGadget's Libra Product is a copy of Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 9 and shown below.



29. On information and belief, a close-up frame view showing a depression illustrates that Defendant OGadget's Libra Product is a copy of the Plaintiff's Product as shown by the side-by-side comparison depicted in **Exhibit E**, page 10 and shown below.




30. The activities of the Defendants have injured and threaten future injury to Brydge Technologies. More specifically, the Defendants' activities have diminished Brydge Technologies' goodwill and caused Brydge Technologies to lose sales that it otherwise would have made but for the infringement by Defendants.

## CLAIM FOR RELIEF

### INFRINGEMENT OF THE '527 PATENT (35 U.S.C. § 271)

31. Plaintiff Brydge Global repeats and realleges paragraphs 1-30, as if the same were fully stated herein.

32. On June 30, 2015, United States Patent No. 9,069,527 was duly and legally issued for an invention entitled "Table Support Apparatus." Plaintiff Brydge Global has exclusive

ownership interest of the '527 Patent by assignment, including the exclusive right to enforce the '527 Patent, and continues to hold that ownership interest in the '527 Patent.

33. On information and belief, both Defendants have been and are currently making, using, offering for sale, selling, and/or importing a product that infringes at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent. A true and correct copy of the '527 Patent is attached hereto as **Exhibit F**. OGadget's product is being offered for sale and/or sold by Kickstarter on Kickstarter.com, specifically on Kickstarter's Libra Project.

34. Upon information and belief, Kickstarter has infringed at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent by its manufacture, use, sale, importation, and/or offer for sale of products. Defendant Kickstarter is liable for its infringement of the '527 Patent pursuant to 35 U.S.C. § 271.

35. Upon information and belief, OGadget has infringed at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent by its manufacture, use, sale, importation, and/or offer for sale of products. Defendant OGadget is liable for its infringement of the '527 Patent pursuant to 35 U.S.C. § 271.

36. For example, claim 1 covers an "apparatus for supporting a device comprising: a keyboard; a frame; and a first device receiving member pivotally connected to the frame, wherein the first device receiving member includes first and second clamp surfaces defining a generally 'U"-shaped recess, the first clamp surface configured to receive a front portion of the device, and the second clamp surface configured to receive a back portion of the device opposite the front portion of the device, wherein the first device receiving member includes a rounded base portion connecting the first clamp surface to the second clamp surface, the device receiving member being capable of rotation between a closed position and an open position, and wherein the rounded base portion of the first device receiving member protrudes beyond a bottom portion of the frame when in the open position but does not protrude beyond the bottom portion of the frame when in the closed position."

37. Upon information and belief, both Defendants have offered to sell and sold products in the United States and within the jurisdiction of the Court that directly infringe at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent, which infringement is ongoing.

38. Upon information and belief, both Defendants, by their offers to sell and sales of products, have actively induced infringement of and/or have contributorily infringed at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent, which infringement is ongoing.

39. Upon information and belief, Defendant Kickstarter had specific intent to infringe at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent, by virtue of its agency, business and sales arrangement with OGadget, which had actual knowledge of the '527 Patent and/or was willfully blind to the existence of the '527 Patent as set forth in the allegations above. For example, a notice letter of infringement of the '527 Patent by Kickstarter was sent via U.S. mail and electronic mail to Defendant Kickstarter on September 20, 2019.

40. Upon information and belief, Defendant OGadget had specific intent to infringe at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent, which had actual knowledge of the '527 Patent and/or was willfully blind to the existence of the '527 Patent as set forth in the allegations above. For example, a cease and desist letter of infringement of the '527 Patent by OGadget was sent via U.S. mail and electronic mail to OGadget on September 20, 2019.

41. Upon information and belief, Defendants contribute to the infringement of the '527 Patent by offering to sell and selling within the United States the product which infringes at least claims 1, 2, 3, 4, 6, 7, 11, 13, 14, 15, 16, and 17 of the '527 Patent, and the product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

42. Upon information and belief, Defendants knowingly or with willful blindness induced and continue to induce infringement and possessed specific intent to encourage another's

infringement by, or were willfully blind as to the '527 Patent and with respect to, their activities described above.

43. The foregoing acts of patent infringement by the Defendants have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to the Plaintiffs, and Plaintiffs have no adequate remedy at law. Brydge Global is entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

a) Granting a temporary and permanent injunction against Defendants, enjoining Defendants from all sales and offers for sale of OGadget's product, which is a copy of Brydge Technologies' product;

b) Permanently enjoining Defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order from committing further acts of infringement;

c) Declaring that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '527 Patent, as described in this action;

d) Awarding damages arising out of Defendants' infringement of one or more claims of the '527 Patent, as described in this Complaint, together with pre-judgment and post-judgment interest, in an amount according to proof, and trebling such damages for infringement under 35 U.S.C. § 284;

e) Finding that this action is an "exceptional" case within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees and expenses or as otherwise permitted by law;

f) Awarding punitive damages in an amount to be determined at trial; and

g) Awarding costs incurred and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues triable in this action.

Dated: New York, New York
October 8, 2019

                                            Respectfully submitted,

                                            KENT, BEATTY & GORDON, LLP

                                            */s/Joshua B. Katz*
                                            Joshua B. Katz
                                            Eleven Times Square
                                            New York, New York 10036
                                            (212) 421-4300
                                            jbk@kbg-law.com

                                            *Attorneys for Plaintiffs*